**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| Jasmine Fullerton, | ) | CASE NO. 1:25 CV 2595 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Howmet Aerospace Inc., *et al.*, | ) | <u>Memorandum of Opinion and Order</u> |
| | ) | |
| Defendants. | ) | |


### <u>Introduction</u>

This matter is before the Court upon plaintiff's Motion to Remand to State Court and for Attorney Fees. (Doc. 7). This case alleges discrimination in employment. For the following reasons, the motion to Motion to Remand is GRANTED and the request for attorney fees is DENIED.

### <u>Facts</u>

Plaintiff Jasmine Fullerton filed her Complaint in the Cuyahoga County Common

1

Pleas Court against defendants Howmet Aerospace Inc. ("Howmet"), Christina Doe ("Doe")[1], and Paige Harper ("Harper") alleging sexual harassment against Howmet (Count One), retaliation against Howmet (Count Two), and aiding and abetting sexual harassment against Harper and Doe (Count Three), all under Ohio statutory law. Howmet removed the case to this Court based on diversity jurisdiction. Howmet, a Delaware corporation with its principal place of business in Pittsburgh, Pennsylvania, asserted in its Notice of Removal that it is of diverse citizenship from plaintiff, a citizen of Ohio, and that the other two defendants, both Ohio citizens, have been fraudulently joined.

The Complaint alleges that plaintiff worked for Howmet from 2021 until she resigned in 2023 due to a male coworker's sexual harassment. Plaintiff reported the ongoing harassment to her superiors. Doe was an attorney for Howmet who investigated plaintiff's sexual harassment complaints, and Harper worked in Howmet's human resources department. Both Doe and Harper aided and abetted the discrimination and retaliation. Plaintiff filed a

---

[1]     After this matter was fully briefed, plaintiff filed an Amended Complaint identifying the Doe defendant as Christina Niro, an Ohio citizen. Plaintiff was later granted leave, as unopposed, to file a Second Amended Complaint. The latter removed Christina Niro as a defendant. However, "removal jurisdiction is assessed based on the facts as they existed at the time of removal." *Ruf v. Cincinnati Reds*, 2026 WL 179943, at *2 (S.D. Ohio Jan. 23, 2026) (quoting *Total Quality Logistics, LLC v. Summit Logistics Grp., LLC*, 606 F. Supp. 3d 743, 747 (S.D. Ohio 2022).); *Goliday-Hollon v. Consumer Portfolio Servs.*, 2026 WL 174258, at *2 (M.D. Tenn. Jan. 22, 2026) (citing *Williamson v. Aetna Life Ins.* Co., 481 F.3d 369, 375 (6th Cir. 2007); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). ("[T]he propriety of removal, including a determination of whether the amount in controversy has been met, is evaluated at the time of removal not afterwards.")

charge with the EEOC and OCRC with respect to Howmet's unlawful sexual discrimination, sexual harassment, and retaliation. She received a right to sue letter.

Generally, the Complaint alleges the following. Plaintiff was hired by Howmet in August 2021 as an inspector, and subsequently joined the Union. Beginning in May 2022, coworker Donald Whitley stalked and sexually harassed plaintiff. Plaintiff reported the ongoing stalking and harassment to various superiors and a Union representative. In August 2022, plaintiff met with Union representatives who acknowledged that they had failed to act on plaintiff's earlier report of sexual harassment. The following day, plaintiff met with human resource department representatives who also admitted to not following up on the earlier reports. Plaintiff went on leave due to the anxiety caused by the harassment and returned by early September.  In early October 2022, plaintiff met with Doe regarding the sexual harassment. Doe broke her promise of confidentiality and shared details of plaintiff's claims when she later interviewed plaintiff's coworkers. As a result, the coworkers ostracized plaintiff and labeled her a "snitch." Male coworkers made comments that they could not joke around with her because she would report them.

In November 2022, plaintiff's supervisors retaliated against her for reporting the harassment by trying to force her to work an overnight shift she could not work due to caring for her disabled child. Plaintiff met with Harper and reported the ongoing sexual harassment and retaliation she was experiencing from male coworkers as well as the decision regarding the shift change. Plaintiff left the meeting with "with no clear explanation for why she was being singled out and treated differently" as to the shift change. After plaintiff reached out to a Union representative, plaintiff had another meeting with Harper who falsely stated that she

3

asked for the names of the offending coworkers but plaintiff refused to provide them. Harper also stated that she did not think the harassment bothered plaintiff. As plaintiff had taped the original meeting, she confronted Harper who apologized. Plaintiff then presented Harper with a doctor's note indicating that medical conditions prevented her from working past 2:00 a.m., but Harper stated that Howmet could not accommodate the request and placed plaintiff on administrative leave. After six weeks, in early January 2023, human resources contacted plaintiff and requested that she return to work on the second shift. When plaintiff returned, Whitely was no longer employed there, but a contractor who plaintiff had previously reported for inappropriate comments remained. Howmet failed to protect plaintiff from him, so she resigned in July 2023 because the situation had become intolerable.

This matter is now before the Court upon plaintiff's Motion to Remand to State Court and for Attorney Fees. Defendant Howmet has filed an opposition brief.

**Standard of Review**

"In order to invoke the district court's removal jurisdiction, a defendant must show that the district court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The burden of showing that the district court has original jurisdiction is on the party seeking removal. Furthermore, because they implicate federalism concerns, removal statutes are to be narrowly construed." *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000) (citations omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. 1447(c).

**Discussion**

Plaintiff moves to remand on the basis that Howmet improperly removed the

Complaint. For the following reasons, this Court agrees.

Howmet argues that Doe and Harper, both Ohio citizens, were fraudulently joined. "Fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Cline v. Dart Transit Co.*, 804 F. App'x 307, 310 (6th Cir. 2020); *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488 (6th Cir. 1999). To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Tennial v. Bank of Am., N.A.*, 2020 WL 2530872, at *2 (6th Cir. Apr. 15, 2020) (quoting *Coyne).*  If "there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court."  *Coyne,* 183 F.3d at 493. "The district court must resolve all disputed questions of fact and ambiguities in the controlling ... state law in favor of the non removing party." *Id*. (internal quotations omitted). "All doubts as to the propriety of removal are resolved in favor of remand." *Id*.

Howmet maintains that plaintiff did not plead a reasonable basis for recovery against Harper or Doe. Howmet acknowledges that to state a claim for aiding and abetting discrimination under Ohio Revised Code § 4112.02(J), plaintiff must allege facts which, if true, would show that both Harper and Doe engaged in behavior to "aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice." Howmet contends that plaintiff fails to articulate specific facts supporting the claim and that only conclusory allegations are made. Howmet refers to ¶¶ 112-115 of the Complaint, the paragraphs comprising Count Three (aiding and abetting).

As plaintiff points out, however, the factual portion of the Complaint sets forth

5

specific factual allegations supporting the claim. As to Doe, the Complaint alleges that Doe was a lawyer for Howmet who investigated plaintiff's claims. In a private conversation with plaintiff, Doe assured her that their conversations would be completely confidential. Plaintiff told Doe everything about Whitely's stalking and harassment at the workplace. Doe broke her promise of confidentiality and shared plaintiff's name and details when she later interviewed plaintiff's coworkers. As a result, the coworkers ostracized plaintiff and labeled her a "snitch." Male coworkers in her department also commented that they could not joke around with plaintiff because she would report them. (Compl. ¶¶ 43-45). As to Harper, the Complaint alleges that in a November 2022 meeting with Harper and a Union representative, Harper falsely stated that plaintiff had previously refused to give Harper the names of the coworkers sexually harassing her, although Harper had never asked for them. Harper also said that she did not think the sexual harassment bothered plaintiff. However, plaintiff had recorded the prior conversation and confronted Harper over the false statements. Harper apologized for making plaintiff feel that her concerns were not being taken seriously. During the later meeting, plaintiff gave Harper a note from her doctor stating that she could not work past 2:00 a.m. due to ongoing medical conditions for which she had to take medication. Harper informed plaintiff that Howmet could not accommodate her and placed her on administrative leave. (Compl. ¶¶ 63-68).

It has been recognized that to "aid and abet in violation of this statute, a person must actively participate in, or otherwise facilitate, another's discriminatory act in violation of R.C. 4112.02. " *Maas v. JTM Provisions Co., Inc*., 2026 WL 124285, at *16 (S.D. Ohio Jan. 16, 2026) (quoting *Blagg v. S.T.O.F.F.E. Fed. Credit Union*, 2024-Ohio-2579, ¶ 97 (8th Dist.)

(quoting *Martcheva v. Dayton Bd. Of Edn.*, 2021-Ohio-3524, ¶ 74 (2d. Dist.)).) (internal quotations omitted).

Construing these factual allegations and all doubts in plaintiff's favor, the Court finds that plaintiff could have established a cause of action against Doe and Harper under state law. As to Doe, the Court can assume that the broken confidence resulted in plaintiff being ostracized and labeled a "snitch" by coworkers, as well as other comments made by male coworkers. As to Harper, the Court can assume that Harper "otherwise facilitated" the harassment by stating in the Union representative's presence that plaintiff refused to give the names of those harassing her and stating she did not think the sexual harassment bothered plaintiff. Plaintiff confronted Harper on these statements because she had recorded the earlier meeting.

Howmet additionally argues that plaintiff did not plead in the Complaint that she fully exhausted the applicable administrative remedies as to either Doe or Harper. Rather, the Complaint only alleges exhaustion as to Howmet. The Complaint states, "On July 28, 2025, after EEOC conciliation failed, Plaintiff received a right-to-sue letter from the EEOC in connection with the charge that informed Plaintiff she could now bring a civil action against the Defendant. (Ex. 2)." Howmet argues that because the Complaint makes no mention of any administrative actions plaintiff undertook as it relates to either Doe or Harper, plaintiff has not stated colorable claims as to them. (Doc. 10 at 3-5).

Plaintiff argues that she has exhausted her administrative remedies as to all defendants because the Ohio statute does not require her to name individual defendants in the EEOC/OCRC charge before filing suit if the charge relates to the conduct alleged and is filed

against the employer. Plaintiff does not distinguish between exhaustion and a failure to allege exhaustion.

First, to the extent relevant to the Motion to Remand, plaintiff has met her exhaustion requirements as to all defendants. Under Ohio Revised Code § 4112.052, a person may file a civil action alleging unlawful employment discrimination only if he meets the administrative exhaustion requirements consisting of filing a charge with the Ohio Civil Rights Commission and receiving a right to sue letter.  It is undisputed that plaintiff filed a dual charge with the EEOC/OCRC against Howmet asserting sex discrimination and harassment, and received a right to sue letter. (Comp. Exs. 1, 2). Additionally, Ohio Revised Code § 4112.052(B)(4) governs the administrative exhaustion requirements for aiding and abetting claims. That section provides:

> (4) With respect to an unlawful discriminatory practice relating to employment described in division (A)(24)(b) of section 4112.01 of the Revised Code [i.e., aiding and abetting under § 4112.02(J)], a charge filed with the Ohio civil rights commission or the equal employment opportunity commission satisfies division (B)(1)(a) or divisions (B)(2)(b)(i) and (ii) of this section if both of the following apply:
>
> (a) The charge is related to the conduct alleged in the complaint for the civil action;
>
> (b) The charge is filed against the person who committed the unlawful discriminatory practice, the employer of the person who committed the unlawful discriminatory practice, or both the person who committed the unlawful discriminatory practice and the person's employer.

Plaintiff satisfied that section of the statute by filing a charge against Howmet which included facts mirroring those asserted in the Complaint against Doe and Harper.

Second, whether or not plaintiff properly alleged exhaustion is an appropriate issue for a motion to dismiss, not a motion to remand. Howmet cites to *Smith v. Steris Corp.,* 2024 WL

1656580 (N.D.Ohio April 17, 2024), which concluded that dismissal was warranted as to the individual defendant because plaintiff had not alleged that she had properly exhausted or received a right to sue letter. However, *Smith* was decided on a Fed.R.Civ.P. 12(b)(6) motion to dismiss, as were the Ohio cases it relied on. Furthermore, the court did not address the implications of O.R.C. § 4112.052(B)(4) on the duty to allege exhaustion.[2] The sole issue before the Court is whether plaintiff has stated colorable claims against Doe and Harper. Because she has done so, this Court lacks subject matter jurisdiction.

For these reasons, remand is warranted. Plaintiff's request for attorney's fees is denied because Howmet had an objectively reasonable basis for removal.

**Conclusion**

For the foregoing reasons, plaintiff's Motion to Remand to State Court is granted. The request for attorney fees is denied.

IT IS SO ORDERED.

PATRICIA A. GAUGHAN
United States District Judge

Date: 2/23/26

---

[2]    In fact, Harper has filed a separate motion to dismiss on this issue of failure to allege exhaustion.

9